IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PENNY BARNES, # 36983-044,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 13-cv-00285-MJR |
| | ) |
| **MEDICAL DEPARTMENT,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Penny Barnes, currently incarcerated at Greenville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff complains that sometime in March or April of 2012 the results of her blood tests were left out in the prison medical department and viewed by at least two inmates. According to the complaint, Plaintiff "felt upset" after learning about the disclosure of her blood work, which indicated that she had high cholesterol and normal liver function. Plaintiff characterizes this incident as "negligence" in violation of the Fourteenth Amendment, and a violation of the Privacy Act of 1974, 5 U.S.C. § 552a. The complaint seeks a "sanction" for the wrongful disclosure and the resulting "mental suffering."

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal.

Insofar as Plaintiff relies upon Section 1983, that is only a jurisdictional basis for filing constitutional torts suits against *state* officers; similar suits against federal officers are

brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). *See Arnett v. Webster*, 658 F.3d 742, 750 n.1 (7th Cir. 2011). Even if the Court were to construe the complaint as a *Bivens* action, "federal prisoners suing under *Bivens* may sue relevant officials in their individual capacity only." *Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir. 2005). Plaintiff has not named any individuals as defendants. Although the complaint includes a description of Plaintiff complaining to Ms. Polman after the disclosure and seeking an explanation and and apology, a defendant cannot be liable under *Bivens* on the basis of *respondeat superior* or supervisory liability; rather, there must be individual participation and involvement by the defendant. *Arnett*, 658 F.3d at 757.

Plaintiff also cites the Privacy Act of 1974, 5 U.S.C. § 552a. A civil action may be brought under Section 552a(g)(1)(D) if an agency fails to comply with Section 552a(b)'s requirement that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." However, only an agency may be sued for wrongful disclosure under the Privacy Act of 1974. *See Schowengerdt v. General Dynamics Corp .,* 823 F.2d 1328, 1340 (9th Cir. 1987) (citing 5 U.S.C. § 552a(g)(1)). Plaintiff has sued the medical department, not the Bureau of Prisons ("BOP"). Although the Court could *sua sponte* substitute the BOP as the defendant, Plaintiff's Privacy Act claim is still fatally flawed.

Plaintiff does not seek injunctive relief for this isolated incident. Although Plaintiff does not specifically seek monetary damages either, any such claim would be precluded because, first, Plaintiff has alleged only negligence, not intentional or willful action; and, second, actual damages have not been sufficiently pleaded. *See Doe v. Chao*, 540 U.S. 614, 620-22

(2004) (holding that general damages are not available under Section 552a(g)(1)(D), and monetary damages require: (1) intentional or willful action; and (2) actual damages, not merely an "adverse effect"). The Supreme Court specifically observed that requiring actual damages is a departure from the traditional treatment of privacy torts, where damages are presumed. *Id*. at 621.

In *Doe v. Chao*, the Supreme Court found insufficient "Doe's conclusory allegations that he was 'torn … all to pieces' and 'greatly concerned and worried' because of the disclosure of his Social Security number and its potentially 'devastating' consequences." *Id*. at 617-18 (additional internal quotation marks omitted). Similarly, Plaintiff's conclusory assertion that she felt "upset" is insufficient to state a claim under Section 552a(g)(1)(D) for a Section 552a(b) disclosure violation. Although *Doe v. Chao* was reviewed after the case had proceeded to trial, at this threshold stage in the proceedings, Plaintiff Barnes' complaint is insufficient. A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Plaintiff has failed to meet this minimal pleading standard.

The Court has considered two other possible causes of action, but neither can save this action from dismissal. Negligence claims can be brought under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*., but the only proper defendant is the United States. *See Jackson v. Kotter,* 541 F.3d 688, 693 (7th Cir. 2008). The Health Insurance Portability and Accountability Act ("HIPAA"), Pub.L. 104–191, 110 Stat.1936 (1996), provides statutory privacy rights relative to medical records, but does not provide for a private cause of action for alleged HIPAA

violations. 42 U.S.C. § 1320d–5. *See also Doe v. Board Trustees of the University of Illinois*, 429 F.Supp.2d 930, 944 (N.D. Ill. 2006) ("Every court to have considered the issue ... has concluded that HIPAA does not authorize a private right of action).

   **IT IS THEREFORE ORDERED** that, for the reasons stated above, this action is **DISMISSED** without prejudice, and with leave to amend. Defendant Medical Department is **DISMISSED** from this action without prejudice.

   Plaintiff is **ADVISED** that, at this juncture, this dismissal shall not count as one of her allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

   **IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed, she shall file her First Amended Complaint, within 30 days of the entry of this order (on or before May 10, 2013). The First Amended Complaint must include factual allegations supporting each claim, and must identify the individual Defendant(s) directly responsible for the alleged unconstitutional actions in each claim.

   Plaintiff is **ADVISED** that an amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits she wishes the Court to consider along with the First Amended Complaint. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Failure to timely

file an amended complaint shall result in the dismissal of the action becoming dismissal **with prejudice**. Any amended complaint shall be subject to review pursuant to Section 1915A.

**IT IS SO ORDERED.**

**DATED: April 10, 2013**

                                                      s/ *Michael J. Reagan*
                                                     **MICHAEL J. REAGAN**
                                                     **UNITED STATES DISTRICT JUDGE**